IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARIA L. MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-2448-JAR |
| | ) | |
| ABERDEEN VILLAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Maria Martinez filed a complaint on July 17, 2012, against Aberdeen Village, alleging 1) disability discrimination, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the Kansas Act Against Discrimination, K.S.A. § 44-1001 ("KAAD"); 2) race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the KAAD; and 3) national origin discrimination, in violation of Title VII and the KAAD. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 10). Defendant moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2), (5), and (6). Plaintiff has not filed a response to the Motion to Dismiss and the time for responding has passed. For the reasons set forth more fully below, Defendant's motion is GRANTED.

Although Plaintiff received notice of the motion to dismiss,[1] Plaintiff failed to file a response to dismiss and the time to do so has expired.[2] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such

---

[1] Doc. 10 at 2; Doc. 11 at 12.

[2] *See* D. Kan. Rule 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[3] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested. Nevertheless, the Court will also consider the merits of Defendant's 12(b)(6) motion.

Defendant moves to dismiss for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[5] As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6] Additionally, the facts narrated by the plaintiff must at least outline or adumbrate a viable claim in order to "pass Rule

---

[3]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[4]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[5]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

12(b)(6) muster."[7]

Because Plaintiff is a *pro se* litigant, the Court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[8] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9] The Court need only accept as true the plaintiff's "well-pleaded factual contentions, not [her] conclusory allegations."[10] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[11]

Under the "plausibility" standard that guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them.[12] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[13] Here, Plaintiff's only factual allegation is that she left four messages for an unidentified individual, who did not call her back.[14] Plaintiff has not

---

[7]*Helm v. Kansas*, No. 08-2459-JAR, 2009 WL 2168886, at *2 (D. Kan. July 21, 2009) (quoting *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996)).

[8]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[9]*Id.*

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[11]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[12]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[13]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[14]Doc. 1 at 4.

alleged anything regarding the position she applied for, her qualifications for the position, her disability, or her race. Plaintiff has not alleged any of the facts required to make a prima facie case under the ADA, the KAAD, or Title VII.

Given this deficiency, the Complaint fails to meet even the minimal standards of notice pleading set out in Fed. R. Civ. P. 8(a), because it fails to provide notice of the claim, to which the Defendant is entitled under that rule. Plaintiff offers no allegations concerning the alleged wrongdoings beyond a simple statement that she was discriminated against. As such, the Court finds that Defendant's motion to dismiss is well taken. Plaintiff will be permitted an additional period of time to request leave to amend the complaint.[15] If Plaintiff fails to file a motion for leave to amend that addresses the deficiencies identified by the Court in this Order, this action will be dismissed with prejudice without further notice.

Because the Court grants Defendant's motion pursuant to 12(b)(6), the Court does not consider Defendant's other arguments for dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10) is **granted**. Plaintiff may file a motion for leave to amend the complaint, attaching a proposed amended pleading as provided in D. Kan. Rule 15.1, by **no later than April 18, 2013.**

**IT IS SO ORDERED.**

Dated: March 29, 2013    S/ Julie A. Robinson
                                                                      JULIE A. ROBINSON
                                                                       UNITED STATES DISTRICT JUDGE

---

[15] [A] pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).